Filed 6/6/22 P. v. Busane CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

THE PEOPLE,

    Plaintiff and Respondent,

v.

MANUEL BUSANE,

    Defendant and Appellant.

2d Crim. No. B315478
(Super. Ct. No. LA078878)
(Los Angeles County)

A jury found Manuel Busane guilty of two counts of forcible lewd acts on a child (Pen. Code,[1] § 288, subd. (b)(1)) and two counts of nonforcible lewd acts on a child (*id.*, subd. (a)). The jury also found true allegations that Busane committed his crimes against multiple victims. (§ 667.61, subds. (b), (c)(4) & (8), (e)(4).) In a bifurcated proceeding, the trial court found true allegations that Busane suffered two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and two prior serious felony convictions (§ 667, subd. (a)), and that he served

---

[1] Statutory references are to the Penal Code.

five prior prison terms (§ 667.5, subd. (b)). It sentenced him to consecutive terms of 58 years to life in state prison on the forcible lewd acts convictions (15 years to life on each conviction, tripled to 45 years because of the prior strikes, an additional 10 years for the prior serious felonies, and an additional three years for three of the five prior prison terms), and stayed the sentences on the nonforcible lewd acts convictions.

On appeal, this court reversed Busane's nonforcible lewd acts convictions, and remanded for the trial court to exercise its newfound discretion to strike or impose the four five-year serious felony enhancements it imposed previously. (*People v. Busane* (Feb. 11, 2019, B283564) [nonpub. opn.] [2019 WL 513586 at p. *6].) The court failed to follow our remand order, however, so after another appeal we remanded again with directions that the court exercise its discretion to strike or impose the enhancements. (*People v. Busane* (May 18, 2021, B306791) [nonpub. opn.] [2021 WL 1974385 at p. *2].) We also directed the court to strike the six one-year prior prison term enhancements that had been imposed as part of Busane's original sentence pursuant to a change in law that occurred after we resolved his first appeal. (*Ibid.*) At resentencing, the trial court struck the prison priors but declined to strike the serious felony enhancements, sentencing Busane to consecutive terms of 55 years to life in state prison: 15 years to life on each forcible lewd acts conviction, tripled to 45 years because of the prior strikes, and an additional 10 years for the prior serious felonies.

We appointed counsel to represent Busane in this appeal. After counsel examined the record, she filed an opening brief that raises no arguable issues. On March 16, 2022, we advised Busane by mail that he had 30 days within which to

2

submit any contentions or issues he wished us to consider.  We have not received a response.

We have reviewed the entire record and are satisfied that Busane's attorney fully complied with her responsibilities and that no arguable issue exists.  (*People v. Wende* (1979) 25 Cal.3d 436, 441.)  We note, however, that the abstract of judgment does not conform to the trial court's sentence:  While the abstract correctly indicates that the court sentenced Busane to an aggregate term of 110 years to life in prison, it fails to list the four serious felony enhancements that make up 20 years of that sentence.

## DISPOSITION

The clerk of the superior court is directed to prepare an amended abstract of judgment that correctly reflects the sentence imposed by the trial court, and forward a copy to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


TANGEMAN, J.


We concur:


GILBERT, P. J.


YEGAN, J.


3

Michael V. Jesic, Judge

Superior Court County of Los Angeles

_____

Maggie Shrout, under appointment by the Court of Appeal for Defendant and Appellant.
No appearance for Plaintiff and Respondent.